UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
FEB 0 1 2007



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| BIRD HOTEL CORPORATION, and all others similarly situation, | * * * | CIV. 06-4073 |
| Plaintiff, | * * | |
| -vs- | * * | OPINION AND ORDER |
| SUPER 8 MOTELS, INC., | * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is the motion of Bird Hotel Corporation (Bird) to compel answers to its Interrogatory 5 (Doc. 32). Super 8 Motels, Inc. (SMI) has objected to Interrogatory 5 and resists the motion to compel. The parties have conferred but have been unable to resolve their dispute.

## BACKGROUND

This case is a putative class action about an alleged breach of a motel franchise agreement. Bird seeks certification of a class of franchisees that entered into franchisee agreements with SMI from 1986 to 1996. Bird claims a 5% charge by SMI related to its "TripRewards" [1] guest loyalty program is a breach of the franchise agreement. SMI objected to Interrogatory No. 5 of Bird's first set of interrogatories and document requests because "it asked SMI to identify essentially similar franchise agreements, and because it sought individualized franchisee information (addresses,

---

[1] Sometimes "TripRewards" appears in the documents filed by the parties, and sometimes "Trip Rewards" appears. The form appearing within quoted material is used when quoting from the parties' documents.

telephone numbers, and financial information) that is not relevant to the question of whether a class may be certified." SMI produced franchise agreements for Bird's review and copying. Bird renewed its request for the individualized franchisee information about selected franchisee agreements. SMI reaffirmed its objection to providing this information. Bird filed this motion to compel.

Bird's Interrogatory No. 5 and SMI's response follow:

5. Provide the name, current address, current telephone number, franchise address, and franchise telephone number for each franchisee that has ever operated under the same or essentially similar franchise agreement that is identified in Exhibit A of Plaintiff's Complaint. For each franchisee identified by you in this answer, state the following:

   (a) The origination and termination dates for each franchise agreement;

   (b) The total amount of TripRewards fees allegedly incurred by each franchisee under said franchise agreement to date. With regard to your answer to this sub-part, please provide the month and year that each Trip Reward Fee was incurred by the franchisee at issue; and

   (c) The total amount of TripRewards fees paid by each franchisee to you. With regard to your answer to this sub-part, please provide the month and year that each TripReward fee was paid to you by the franchisee at issue.

**ANSWER:** SMI objects to the interrogatory on the ground that it is vague, ambiguous, and overbroad inasmuch as it refers without explanation to "essentially similar" agreements. SMI further objects to providing the addresses and telephone numbers for individual franchisees, as well as the particular individual franchisee information requested by subparts (b) and (c), on the ground that this case has not been certified as a class action and thus the request is not reasonably calculated to lead to the discovery of admissible evidence, and any use of such information to prepare a class list is premature. Without waiver of any objection, SMI states that it has identified the franchise agreements for all individual franchisees entering into such an agreement during the period 1986 to 1996, as stated in plaintiff's proposed class definition at paragraph 12 of the Complaint, and which had not terminated as of the inception of the TripRewards program. Pursuant to Fed. R. Civ. P. 33(d), SMI shall produce those agreements.

2

The Scheduling Order (Doc. 21) bifurcated pre-certification discovery from discovery on the merits. This discovery dispute involves pre-certification discovery.

### Bird's Claims

Bird asserts that it needs the current addresses and telephone numbers of the franchisees, since some of the franchise agreements are nearly twenty years old. Bird argues it needs to discover the TripRewards fees paid by each franchisee because only those franchisees that actually paid TripRewards fees would qualify as members of the class. Bird maintains discovery of the TripRewards fees paid by each franchisee will help it satisfy the numerosity element of Rule 23(a). Also, the amounts paid will help it establish that Bird is an adequate class representative because its financial stake in the litigation is comparable to that of other class members, according to Bird. The amounts paid by each franchisee, maintains Bird, may show that class litigation is superior to individual litigation because the fees paid by other franchisees may not be substantial enough so that each franchisee will institute its own action.

### SMI's Claims

SMI asserts the identity of individual class members is not relevant to class certification because none of the Rule 23(a) factors requires a class movant to know the names, addresses, or telephone numbers of individual potential class members. SMI argues Bird has not explained how obtaining potential class members' names, addresses, and telephone numbers relates to any class certification issue. For purposes of class certification, according to SMI, Bird does not need to know the individual damages of each potential class member, but only the fact of damage. SMI maintains Bird already has the contracts for each franchisee (produced by SMI), which permit Bird to argue in support of its allegation that all class members are damaged by the 5% charge – knowing the

3

individual amounts for each potential class member adds nothing to the class certification analysis. SMI argues each potential class member is a franchisee that has a franchise agreement. All are subject to the 5% charge related to the "TripRewards" guest loyalty program, according to SMI.

## DISCUSSION

Pre-certification discovery can be limited to evidence that, in the sound judgment of the court, would be necessary or helpful to the certification decision. Stewart v Winter, 669 F.2d 328, 331 (5th Cir. 1982). A certain amount of discovery is essential in order to determine the certification issue and the proper scope of a class action. Id. The Rule 23(a) factors about certification are numerosity, commonality, typicality, and adequacy of the class representative. These factors have been individually addressed and described by the Eighth Circuit. Paxton v. Union National Bank, 688 F.2d 552 (8th Cir. 1982).

Identity information of putative class members at the pre-certification stage has been the subject of discovery disputes in other cases. See Robbins v. NCO Financial Systems, Inc., 2006 WL 3833352, (N.D. Ind); Dziennik v. Sealift, Inc., 2006 WL 1455464 (E.D. N.Y.). "Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage...." Dziennik at *2. Revenue information has likewise been found not relevant to the issue of class certification. Thompson v. Jiffy Lube Int'l, Inc., 2006 WL 1174040 (D. Kan.).

In today's case each potential member of the class possesses a franchise contract. Each potential member of the class possesses the same or substantially the same franchise contract, according to the affidavit of Bird's counsel that states "I identified all franchise agreements that I believed to be within the scope of Interrogatory No. 5 and made copies of the same." (Doc. 34, ¶ 5). While Bird argues "[o]nly those franchisees that actually paid Trip Rewards fees would qualify as

4

members of the class," SMI asserts "all [franchisees] are subject to the 5% charge related to the 'TripRewards' guest loyalty program." SMI has, therefore, acknowledged that all franchisees are subject to the 5% charge. There is no need for further discovery efforts to determine which franchisees incurred the 5% fee— they all did.

Bird argues it needs to know the respective amounts of TripRewards fees paid by each franchisee to show that its financial stake in the litigation is comparable to other class members "to establish that [Bird] is an adequate class representative, and "to demonstrate that class action litigation is superior to other methods of adjudication" in the event that the amounts paid by other franchisees "may not be so substantial as to encourage each franchisee to institute its own action." Bird has not supplied case precedent to support its argument. The argument is not otherwise persuasive enough to prevail. The Eighth Circuit points to the number of persons in the proposed class as the obvious most important element of the numerosity factor. Paxton v. Union Nat'l Bank, 688 F.2d at 559. It is true that the Eighth Circuit has also included the size of the individual claims among other considerations pertinent to the certification issue. Id. The total amounts of TripRewards fees incurred, the total amounts of TripRewards fees paid, the month and the year incurred, and the month and the year paid are not facts upon which certification or non-certification of the class in today's case is likely to depend.

Only Super 8 Motel franchisees are potential class members. All of them holding contracts within the scope of Interrogatory No. 5 as identified by Bird's counsel were acknowledged by SMI to be subject to the 5% TripRewards fee. The most important element of the numerosity factor is the number of those franchisees. Paxton at 560. The commonality factor requires common questions of law or fact. Paxton at 561. The typicality factor requires that the claims or defenses of the

representative parties should be typical of the claims or defenses of the class. Paxton at 561-562. The focus of the "fairly and adequately represent the class" factor is whether the class representatives have common interests with the members of the class and whether the class representatives will vigorously prosecute the interests of the class through qualified counsel. Paxton at 562-563. The total of amounts of TripRewards fees incurred and paid by month and year provides little, if anything, which is helpful or necessary to establish or decide class certification generally, or any of the Rule 23(a) factors specifically, in today's case.

The name, current address, current telephone number, franchise address, and franchise telephone number for each franchisee that has ever operated under the same or essentially similar franchise agreement is not helpful or necessary to establish or decide certification of the class. No cases have been supplied which support pre-certification discovery of identification, telephone, and address information for potential class members. On the other hand after certification, as it relates to notification of members of the class, this category of information is discoverable. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978).

The following parts of Interrogatory No. 5 are not in dispute and are not addressed in this opinion, the information implicitly being disclosed within the contracts examined and copied by Bird's counsel:

> Provide the name, current address, current telephone number, franchise address, and franchise telephone number for each franchisee that has ever operated under the same or essentially similar franchise agreement that is identified in Exhibit A of Plaintiff's Complaint.
>
> (a) The origination and termination dates for each franchise agreement[.]

## CONCLUSION

Based on the above, Plaintiff's motion to compel (Doc. 32) is DENIED.

Dated this 1st day of February, 2007.

BY THE COURT:

*John Simko*
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By *Shelly Margulies* Deputy
(SEAL)