


UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

******************************************************************************

| | | |
|---|---|---|
| BIRD HOTEL CORPORATION, and all others similarly situated, | * | CIV 06-4073 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER |
| -vs- | * | |
| SUPER 8 MOTELS, INC., | * | |
| Defendant. | * | |

******************************************************************************

The Defendant, Super 8 Motels, Inc., filed a Motion for Judgment on the Pleadings, Doc. 22. The motion has been fully briefed and will be decided based upon the written record. For the reasons set forth below, the motion will be denied.

## BACKGROUND

This proposed class action is brought by the Plaintiff, Bird Hotel Corporation, against its franchisor, Defendant Super 8 Motels, Inc. ("Super 8"). Plaintiff is a Canadian corporation that operates a Super 8 motel in Winnipeg, Manitoba, pursuant to a Franchise Agreement with Super 8, the franchisor of Super 8 motel properties. The Franchise Agreement, dated February 5, 1986, is referred to in the Complaint and a copy is attached to the memorandum in support of the pending motion. Plaintiff's claim is that Super 8 breached the Franchise Agreement, and all other such agreements executed between 1986 and 1996, by imposing an additional franchise fee. Super 8 contends it has the right under the agreement to alter the franchise rules of operation and that it has not imposed an additional franchise fee.

The dispute arises out of a new customer loyalty program called the "TripRewards Program" implemented by Super 8 in 2003. TripRewards Program members earn points for staying at properties in the program, including Super 8 motels, and can redeem those points for various

rewards. The TripRewards Program includes customers of all of Cendant's numerous hotel and motel franchises, including Amerihost Inn, Days Inn, Howard Johnson, Knights Inn, Ramada, Travelodge, Villager, Wingate Inn, and Super 8. When the TripRewards Program was implemented, all former members of the Super 8 V.I.P. Club (who had received a 10% discount as V.I.P. Club members) were automatically converted into TripRewards members, as were at least two million members from loyalty programs previously in force at other Cendant franchises. Franchisees like Plaintiff are invoiced by Super 8 for five percent (5%) of any motel room sold to a customer registered for the TripRewards Program. The record does not reflect the relative economic benefit to the various interested persons and parties to these two different programs. The record at this stage in the litigation would not be expected to reflect such information. It remains to be seen whether economic impact evidence will ever play a role in this dispute.

Plaintiff contends that this 5% charge is an additional franchise fee and thus it constitutes a breach of the Franchise Agreement between the parties. Plaintiff notes that section three of the Franchise Agreement, entitled "Consideration; Royalty and Advertising fees," provides for four separate franchise fees. The first is a $20,000 initial franchise fee, plus an additional $100 per room in excess of 120 rentable rooms. Second is a monthly fee of four percent (4%) of all gross room sales. Third, franchisees are required to make a monthly payment of two percent (2%) of all gross room sales for the "Super 8 Advertising and Reservation Fund," to be used exclusively for that purpose. Fourth is an "additional franchise fee" equal to any excise, sales, or privilege tax imposed on Super 8 as a result of the Franchise Agreement .

Super 8 contends that system-wide operation revisions such as the TripRewards Program are expressly permitted by language throughout the Franchise Agreement. For example, Paragraph J of Section Three provides, in part:

> FRANCHISOR and FRANCHISEE recognize that the wisdom and practicality of all rules for the operation of the System may require amendment from time to time as result of experience, and they therefore agree that FRANCHISOR may, from time to time, make revisions in or amendments to such rules of operation which FRANCHISOR shall apply uniformly to all Super 8 Motels, including those owned

and operated by FRANCHISOR, and FRANCHISEE agrees to comply with all such revisions and amendments.

(Franchise Agreement at p. 8.)

## DISCUSSION

"Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Although the Court must ignore most materials outside the pleadings, it may consider "materials that are 'necessarily embraced by the pleadings.'" *Id.* (quoting *Piper Jaffray Cos. v. National Union Fire Ins. Co.*, 967 F.Supp. 1148, 1152 (D. Minn. 1997)). *See also* 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357, at 299 (1990) (court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint"). This is a strict standard, and under it the Court must accept as true all facts pled by the plaintiff and draw all reasonable inferences from the pleadings in the plaintiff's favor. *See Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir. 1998); *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996).

Plaintiff admits that, under the language of the Franchise Agreement, it contemplated operational changes such as implementation of the TripRewards Program, but it did not contemplate that it would pay Super 8 a fee of 5% of gross room sales to TripRewards members. According to Plaintiff, this fee is a unilateral modification, and a breach, of the Franchise Agreement. Super 8 does not claim that the Franchise Agreement expressly permits unilateral imposition of such a fee. Super 8 argues that it acted in accordance with the grant of discretion contained in the Franchise Agreement to alter the system and rules of operation of Super 8 franchises. The fact that Super 8 can revise the system and the operating rules, however, does not necessarily mean it can unilaterally impose an additional new fee without breaching the Franchise Agreement. If the 5% fee in question can be imposed, what if any is the limitation on what the percentage of that fee could be?

The limited record before the Court does not allow a ruling on whether Super 8's 5% charge for room sales to TripRewards members is a franchise fee, but it is clear that Plaintiff's allegations are sufficient to withstand the motion for judgment on the pleadings. Accordingly,

IT IS ORDERED:

1. That Defendant Super 8 Motels, Inc.'s Motion for Judgment on the Pleadings, Doc. 22, is denied.

Dated this 19th day of September, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: ______________________
DEPUTY