UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 16 2007


CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BIRD HOTEL CORPORATION, and all others similarly situated, | CIV 06-4073 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER GRANTING CLASS CERTIFICATION |
| -vs- | |
| SUPER 8 MOTELS, INC., | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiff's Motion for Class Action Certification Pursuant to Rule 23(c)(1). A class certification hearing was held on Monday, October 1, 2007. For the following reasons, the motion will be granted and the class will be certified.

Plaintiff defines the class as follows:

All 226 Super 8 franchisees identified in the motion for class certification that are or have been parties to a standard Super 8 Motel Franchise Agreement, attached as Exhibit A to Plaintiff's Complaint, and were subject to Super 8's requirement instituted in December of 2003 that franchisees must pay an additional mandatory five percent fee on all gross room sales for customers enrolled in its TripRewards program.

To be certified as a class, Plaintiff must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b).

A. <u>Prerequisites</u>

Rule 23(a) lists four prerequisites for the maintenance of a class action:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses

of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED.R.CIV.P. 23(a). These prerequisites are usually referred to as numerosity, commonality, typicality, and adequacy of representation.

1. Numerosity

Plaintiff has identified 226 Super 8 franchisees with franchise agreements that fall within the proposed class. Defendant does not contest that this number of potential class members is sufficient to satisfy numerosity.

2. Commonality

Although Rule 23(a) requires questions of law or fact common to the class, those questions do not have to be identical as applied to each member of the class. *See Paxton v. Union National Bank*, 688 F.2d 552, 561 (8th Cir. 1982) (stating that "the rule does not require that every question of law or fact be common to every member of the class"). The liability question in this case is identical for all class members: Did Defendant breach the franchise agreement by imposing an additional mandatory five percent fee on all gross room sales for customers enrolled in its TripRewards program? Other than some addenda addressed below, each class member has the same form franchise agreement with Defendant. The five percent fee was either legal or illegal as to all franchisees.

Defendant contends that commonality is defeated by an addendum to eight of the franchise agreements which precludes the franchisee from publicly engaging in "opposition, protest, or organized resistance" to the implementation of system marketing programs. All eight of these franchise agreements are signed by Ron Rivett, Super 8's co-founder. Plaintiff asserts that the addenda are part of Cendant's acquisition of Super 8 in 1993, and they are meant to keep Mr. Rivett from publicly criticizing Cendant. In addition, Defendant says it has identified 36 franchise agreements with amendments that Defendant claims actually release the contract claim at issue here.

2

In support of its argument that these addenda defeat commonality, Defendant relies primarily on *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331 (4th Cir. 1998). In *Broussard*, the Fourth Circuit reversed a class certification where multiple contracts contained materially different contract language, and each tort claim turned on issues of oral representations and reliance that were peculiar to each class member. The Fourth Circuit held that class-wide relief was not appropriate because each plaintiff's claim depended on facts and circumstances peculiar to that plaintiff. In contrast, the class members in the present case will be pursuing the same legal theory based on Defendant's alleged breach of the same language in each contract. The issues involved are fewer and much simpler than in *Broussard*. The fact that 44 class members may have released their claims does not convince the Court that commonality is lacking in this case. *See, e.g., Waste Management Holdings, Inc. v. Mowbray*, 208 F.3d 288, 296 (1st Cir. 2000)(stating that the existence of a defense does not compel a finding that individual issues predominate over common ones when there is a "sufficient constellation of common issues"). There is no reason the Court cannot address the validity of the releases at the appropriate time.[1]

Defendant also cites *Melong v. Micronesian Claims Comm'n*, 643 F.2d 10, 13 (D.C. Cir. 1980), where the court held class representatives who had not signed releases could not represent over 7,000 claimants who had signed releases. In *Melong*, 311 of 7,500 claimants, only 4%, had not executed releases, so the class representatives were clearly in the minority. In the instant action, 80% of the franchisees, including Plaintiff, did not sign releases. The reasoning of *Melong* is inapplicable to this case. The fact that 20% of the franchisees signed releases does not destroy the commonality of the claims against Defendant.

3. Typicality

"Typicality under Rule 23(a)(3) means that there are other members of the class who have the same or similar grievances as the plaintiff." *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1540

---

[1] The Court cannot rule on the validity of the releases at this time. *See, e.g., Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006)("Though class certification is not the time to address the merits of the parties' claims and defenses, the 'rigorous analysis' under Rule 23 must involve consideration of what the parties must prove.")

3

(8th Cir. 1996) (quotation marks and citation omitted). Variations in the facts underlying the claims of the plaintiff and the potential class members will not preclude class certification if the plaintiff's claims arise from the same event or course of conduct as the class claims, and give rise to the same legal or remedial theories. *See id.*

Defendant challenges typicality on numerous grounds. First, citing *In re Milk Products Antitrust Litigation*, 195 F.3d 430 (8th Cir. 1999), Defendant contends that Plaintiff's status as a former franchisee means it has no standing to seek injunctive relief for the current franchisees. Although Plaintiff did not request an injunction in the Complaint, Plaintiff's brief states: "Those class members protected by franchise agreements that continue beyond the final resolution of this action would additionally be entitled to an order precluding the defendant from charging the additional TripRewards franchise fee for the remainder of the current term of their franchise agreements." Plaintiff's Brief at p. 12. The Court finds that an injunction would be improper in this case. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. When there is an adequate remedy at law, a preliminary injunction is not appropriate." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)(internal quotations and citations omitted). The classic remedy for breach of contract is an action at law for damages. The Court finds that money damages would adequately compensate all class members for any breach of the franchise agreement.[2] Accordingly, Defendant's argument that Plaintiff cannot be a class representative based on lack of standing to seek injunctive relief is moot.

In addition to the standing argument, Defendant contends that the typicality and adequacy requirements are not met because there are so many unique circumstances which distinguish Plaintiff from the proposed class members. According to Defendant, those factors are: 1) Plaintiff continues to give a 10% discount to former V.I.P. program members; 2) Plaintiff has concerns about the TripRewards program; 3) Plaintiff is a Canadian Corporation; 4) Plaintiff is single property

---

[2]Should Plaintiff succeed on the merits of the breach of contract claim in this case, the records as to the amount of payments made by class members are in the hands of defendant, and the amount to which each class member would be entitled could be readily determined.

4

franchisee; 5) a Super 8 franchisee advisory board approved of replacing the V.I.P. program with the TripRewards program; and 6) Plaintiff must have a "unique and eccentric" view of franchise agreements in order to have filed this lawsuit.

None of these factors create conflicts between Plaintiff's interests and the class members' interests. They do not detract from the similarity between Plaintiff's legal and remedial theories and the theories of the purported class members. Thus, Plaintiff's claim is typical of the class and Plaintiff is an adequate class representative.

4.      Adequacy of Representation

"The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton*, 688 F.2d at 562-63. Courts usually analyze the "common interests" factor along with typicality, and the above discussion of typicality shows that Plaintiff has common interests with the class members. Defendant does not contest that class counsel will vigorously prosecute the interests of the class, and the Court is satisfied that class counsel will fairly and adequately protect the interests of the class members. Thus, the final requirement of Rule 23(a) has been met.

B. Certification Under Rule 23(b)(3)

In addition to the four Rule 23(a) requirements, Plaintiff must meet one of the three subsections under Rule 23(b). Plaintiff seeks certification under Rule 23(b)(3), which provides:

> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the

5

particular forum; (D) the difficulties likely to be encountered in the management of a class action.

FED.R.CIV.P. 23(b).

1. <u>Predominance</u>

The requirement of Rule 23(b)(3) that common questions predominate over individual questions "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Plaintiff alleges that Defendant breached its standard form franchise agreements by imposing an additional franchise fee. Proof of liability will be the same for every class member. All class members were affected by Defendant's 5% charge, varying only by the amount paid to Defendant. Common questions clearly predominate over any questions affecting only individual members.

2. <u>Superiority</u>

After considering the factors of Rule 23(b)(3), the Court is convinced that the class action mechanism is a superior method of resolving the breach of contract claim against Defendant. There is no evidence of other litigation having been commenced against Defendant regarding this issue, and there is no indication that class members would have an interest in bringing individual actions in the future. The Defendant is a South Dakota corporation and the franchise agreements require application of South Dakota law. The Court does not have concerns about the manageability of the class action. A class action appears to be the most efficient and cost-effective way of handling the individual claims against Defendant.

The Court finds that the requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied. Accordingly,

IT IS ORDERED:

(1) That the Motion for Class Certification, Doc. 42, is granted.

(2) That, pursuant to Federal Rule of Civil Procedure 23(b)(3), a class is certified of all 226 Super 8 franchisees identified in the motion for class certification that are or have been parties to a standard Super 8 Motel Franchise Agreement, attached as Exhibit A to Plaintiff's Complaint, and were subject to Super 8's requirement instituted in December of 2003 that franchisees must pay an additional mandatory five percent fee on all gross room sales for customers enrolled in its TripRewards program.

(3) That Plaintiff shall file a proposed form of notice to class members with the Court within 10 days from the date of service of this Order.

Dated this 16th day of October, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
    DEPUTY