UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|                                                          |     |                  |
|----------------------------------------------------------|-----|------------------|
|                                                          | \*  |                  |
| BIRD HOTEL CORPORATION, and all                          | \*  | CIV. 06-4073     |
| others similarly situated,                               | \*  |                  |
|                                                          | \*  |                  |
| Plaintiff,                                               | \*  |                  |
|                                                          | \*  | ORDER ON MOTION  |
| -vs-                                                     | \*  |                  |
|                                                          | \*  |                  |
| SUPER 8 MOTELS, INC.,                                    | \*  |                  |
|                                                          | \*  |                  |
| Defendant.                                               | \*  |                  |
|                                                          | \*  |                  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is the motion for protective order filed by Super 8 Motels, Inc. (Doc. 69).  Super 8

wishes to prevent plaintiff from taking the deposition of Steven Rudnitsky, the CEO of Super 8's

parent company.  Super 8 asserts that plaintiff has taken or noticed the depositions of other

executives who possess knowledge of the facts at issue.  They assert that Steven Rudnitsky does not

possess knowledge about the issues or facts which is different from or in addition to what the other

already deposed or noticed executives possess.  Super 8 cites cases supporting the proposition that

protective orders are commonly entered to protect chief executive officers from being deposed.

Bird Hotel asserts that Steven Rudnitsky authored a two page memo regarding the

TripRewards program and they wish to depose him about that memo, among other matters.  Bird

cites cases which support taking the deposition of chief executive officers.

The memo, dated October 3, 2003, has been reviewed by the court.  The memo reveals that

Steven Rudnitsky is the Chairman and Chief Executive Officer of Cendant Hotel Group.  The memo

indicates that Cendant owns nine hotel brands, two of which are Wingate Inns International and

Howard Johnson International.  Other than Wingate and Howard Johnson, neither Super 8 nor any

other brand is mentioned by name in the memo.  The TripRewards program is mentioned in the

memo.  The memo is directed to Franchisees and General Managers generically, not personally. They are told the TripRewards program is a marketing campaign, that the success of the program depends on them and that they need to train their staffs, display TripRewards collateral at their property, encourage guests to enroll, and add to TripRewards logo to advertising and promotional efforts.  The memo asserts that with more than 6,000 hotels under nine brands, TripRewards will be big and outclass other hotel loyalty programs.  This memo has been introduced as an exhibit during the depositions of other executives and they have been questioned about it.

Federal Rule of Civil Procedure 26(b)(2)(C) provides the court must limit the extent of discovery if it determines the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient or less burdensome.  It appears Steven Rudnitsky's deposition would duplicate information which can be or already has been discovered through other witnesses.  It further appears that Steven Rudnitsky does not uniquely  possess discoverable or relevant information beyond that possessed by other executives who can be or have been deposed.  It is

ORDERED that defendant's motion for protective order to prevent the deposition of Steven Rudnitsky (Doc. 69)is GRANTED.

Dated this 4th day of September, 2008.

BY THE COURT:

s/ John E. Simko

_____
John E. Simko
United States Magistrate Judge