
FILED
OCT 26 2010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BIRD HOTEL CORPORATION, and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SUPER 8 MOTELS, INC., <br><br> Defendant. | Case No. 4:06-cv-04073-LLP |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

**WHEREAS**, on October 16, 2007 and August 27, 2009, this Court, by Order, certified the above-captioned action (the "Action") as a class action on behalf of 160 Super 8 Motel franchisees that are or have been parties to a Standard Super 8 Motel Franchise Agreement and were subject to the requirement instituted in December 2003 that franchisees must pay an additional mandatory five percent fee on all gross room sales for customers enrolled in the TripRewards program (the "Class"); and

**WHEREAS**, in accordance with a procedure approved by the Court, the Class members were provided with notice of the certified class action and an opportunity to exclude themselves from the Class and those former members who timely requested exclusion have been removed from the Class; and

**WHEREAS**, on June 24, 2010, plaintiff, Bird Hotel Corporation, ("Plaintiff"), on behalf of itself and as Court-appointed representative of the Class, and defendant Super 8 Worldwide,

Inc., formerly known as Super 8 Motels, Inc. ("SMI" or "Defendant") (Plaintiff and Defendant being collectively referred to herein as the "Parties") entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement"), for the settlement (the "Settlement") and dismissal of the Action (the "Action") as to Defendant, and applied to this Court, pursuant to Fed.R.Civ.P. 23(e) for approval of the Settlement Agreement, and Plaintiff's counsel ("Class Counsel") applied to this Court for an award of attorneys' fees and reimbursement of litigation expenses; and

**WHEREAS**, Plaintiffs' Class Action Complaint (the "Complaint") alleges generally that Defendant breached its contracts with Plaintiff and the Class members by assessing a five percent charge for participation in the TripRewards program; and

**WHEREAS**, Class Counsel have conducted a substantial investigation into the facts and law relating to the allegations against the Defendant, including reviewing and analyzing tens of thousands of pages of documents produced by Defendant, and taking the depositions of certain SMI employees; and

**WHEREAS**, Defendant vigorously denies all claims of wrongdoing or breach of contract, denies that it violated any law, statute or regulation, denies all allegations of wrongdoing in the Complaint, denies the claims asserted in the Action and any matters related thereto, and has entered into the Settlement Agreement because it believes it will avoid substantial expense and inconvenience, and relieve it from any uncertainty regarding the outcome of the Action, and put to rest the claims asserted in the Action; and

**WHEREAS**, the Parties have engaged in extensive arms-length negotiations to reach the terms of the Settlement Agreement; and

**WHEREAS**, on July 23, 2010, this Court entered a Preliminary Approval and Implementation Order (the "Implementation Order"), directing that the Class be given notice of the proposed Settlement and of a hearing to determine whether the Settlement should be approved as fair, reasonable, and adequate (the "Fairness Hearing"), and whether Class Counsel's petition for an award of attorneys' fees and reimbursement of litigation expenses should be granted; and

**WHEREAS**, this Court ordered that the Notice of Proposed Settlement of Class Action and Hearing on Proposed Settlement (the "Notice") be sent by first-class mail, postage prepaid to each Class member that could reasonably be identified in the manner prescribed by this Court, on or before August 2, 2010 ("Class Notice"); and

**WHEREAS**, the Affidavit filed with the Court on October 4, 2010, indicate that there has been full compliance with the Court's directives with respect to disseminating the Class Notice; and

**WHEREAS**, the Class Notice informed members of the Class of their right to comment on, or object to the Settlement Agreement and/or the application of Class Counsel for an award of attorneys' fees and/or reimbursement of litigation expenses, and Class members' rights to appear at the Fairness Hearing in support of, or in opposition to any of these matters; and

**WHEREAS**, on October 25, 2010, the Fairness Hearing was duly held, as noticed, before this Court, at which time all interested persons were afforded the opportunity to be heard; and

**WHEREAS**, this Court has duly considered all of the submissions and arguments presented with respect to the Settlement and Class Counsel's application for attorneys' fees and reimbursement of litigation expenses,

**NOW, THEREFORE**, after due deliberation, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Class Notice provided to the Class has been provided as directed by this Court, and such Class Notice constitutes the best notice practicable under the circumstances and provided valid, due and sufficient notice to the members of the Class in full compliance with the notice requirements of Fed.R.Civ.P. 23(e)(1) and due process.

2. The Settlement described in the Settlement Agreement is in all respects fair, reasonable, and adequate, is in the best interests of the Class members, and is approved pursuant to Fed.R.Civ.P. 23(e)(2).

3. Plaintiff, Class members, and Defendant shall consummate the Settlement in accordance with the Settlement Agreement, all terms of which are hereby incorporated by reference and approved.

4. The Settlement shall not be deemed to constitute an admission by any Party or Class member or finding of liability or wrongdoing on the part of the Defendant.

5. Each remaining member of the Class shall be bound by the Settlement and this Final Order and Judgment.

6. Subject to the terms and conditions of the Settlement Agreement, this Action is dismissed, with prejudice, on the merits, and without costs to any Party except as provided in the Settlement Agreement.

7. Plaintiff and each and every member of the Class are permanently barred and enjoined from instituting or prosecuting any action against the Defendant for any of the Settled Claims (as defined in the Settlement Agreement) in this proceeding or any other proceeding in this Court or any other forum.

8. Class Counsel are hereby awarded reimbursement of litigation expenses in the amount of $59,413.73. Such award shall be paid from the Settlement Account as provided in the Settlement Agreement. The Court finds that such expenses are reasonable and appropriate in light of the quality of work performed, the result achieved, and the complexity and difficulty of the Action.

9. Rust Consulting, the Class Administrator, is hereby awarded $11,404.27. Such award shall be paid from the Settlement Account as provided in the Settlement Agreement. Any further compensation owed to the Class Administrator shall be paid by Class Counsel out of its attorney fees awarded in this action. The Court finds that such expenses are reasonable and appropriate under the circumstances.

10. The Class Representative is hereby awarded a class representative fee of $10,000 for service rendered in this case. Such award shall be paid from the Settlement Account. The Court finds that this fee is reasonable and appropriate under the circumstances.

11. Class Counsel are hereby awarded attorney fees in the amount of one-third of the remaining settlement amount after the awards of litigation expenses, class administration fees, and class representative fees have been subtracted. This results in an attorney fees award in the amount of $889,727.36. Such award shall be paid from the Settlement Account as provided in the Settlement Agreement. In addition, Class Counsel shall pay the applicable sales tax out of its attorney fees award. The Court finds that such fees are reasonable and appropriate in light of the quality of work performed, the result achieved, and the complexity and difficulty of the Action.

12. Without affecting the finality of this Final Order and Judgment, jurisdiction is reserved to effectuate the purposes and enforce the provisions of the Settlement Agreement and all matters arising thereunder.

13. There being no just reason for delay, this Final Order and Judgment shall be deemed final and the Clerk of the Court is directed to enter this Final Order and Judgment forthwith.

Dated: October 26, 2010
Sioux Falls, South Dakota

*signature*
Lawrence L. Piersol
United States District Judge